Easterling v. Chiles, Thompson & Co.

---

CASE 54—PETITION EQUITY—SEPTEMBER 24.

## Easterling v. Chiles, Thompson & Co.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. JURISDICTION.—Where the amount of the debt sued on is not sufficient to give the circuit court jurisdiction, the fact that the creditor seeks an attachment for the purpose of having it levied on land, the debtor having no other estate, will not give that court jurisdiction. The creditor must first obtain a return of "no property" upon an execution from a quarterly or justice's court, and file a copy of the judgment, execution and return in the clerk's office of the circuit court, as provided by section 728 of the Civil Code, and he will then be entitled to the same remedies for the enforcement of his judgment as if it had been rendered in the circuit court.

2. THERE CAN BE NO APPEAL FROM A VOID JUDGMENT until there has first been a motion in the lower court to set the judgment aside.

JOHN T. HAZELRIGG FOR APPELLANT.

The circuit court had no jurisdiction of the action, the amount of plaintiff's claim being less than fifty dollars.

JOHN P. SALYER FOR APPELLEES.

1. No appeal lies from a void judgment until there has first been a motion in the lower court to set it aside. (Civil Code, sec. 763.)

2. Has the circuit court jurisdiction of an original action to enforce a lien on land for a sum less than fifty dollars? (Civil Code, secs. 194, 722, 763; Gen. Stats., chap. 28, art. 4, sec. 1; *Idem*, art. 21, sec. 1; Bush v. Williams, 6 Bush, 405; Craig, &c., v. Garnett's Adm'r, &c., 9 Bush, 97.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The action below was on an account for goods sold and delivered amounting to forty-six dollars, and was insti-

tuted in the circuit court with a view of obtaining an attachment, that was levied on the debtor's land, he owning no other estate.   We are aware of no statute conferring upon the circuit courts such a jurisdiction; but,. on the contrary, the jurisdiction is confined by statute to the courts of justices of the peace and to quarterly courts.

By the provisions of an act passed in the year 1880, the real estate of debtors who are non-residents and who have no personal estate sufficient to pay the debt, may be subjected by a proceeding in the circuit court in the same manner as in cases where such jurisdiction is expressly conferred on circuit courts.   (Gen. Stats., ed. 1887, chap. 28, art. 4, sec. 5.)

It is then suggested that the creditor has no remedy by which he may make his debt out of the realty or avail himself of a provisional remedy for that purpose where his claim is for less than the jurisdiction given to the circuit court.   The mode of acquiring a lien on the land by attachment or subjecting it in such a case is found in section 723, Civil Code, where it is provided that upon a return of no property on an execution from a justice's or quarterly court the plaintiff may have a copy of the judgment, execution and return, and when filed in the clerk's office of the circuit court he becomes. entitled to the same remedies as if the judgment had been rendered in the circuit court.   It is argued that a lien created by resorting to a provisional remedy should confer the jurisdiction upon the circuit court to enforce the lien upon land for the same reason that liens are permitted to be enforced when created by deed or by contract. As between the vendor and the vendee, where the purchase price is less than fifty dollars, neither the court of a

Easterling v. Chiles, Thompson & Co.

justice of the peace nor the quarterly court has the power to enforce the contract or subject the land to the lien created by the contract. The jurisdiction in such cases is expressly excluded from the inferior tribunals, and the circuit court has original jurisdiction of all matters in law and equity of which jurisdiction is not by law exclusively delegated to some other tribunal. The circuit court is given the jurisdiction, and the inferior courts excluded from exercising it.

The cause of action is for goods sold and delivered and is for less than fifty dollars, and the provisional remedy obtained being merely in aid of the judgment when rendered, the circuit court had no jurisdiction to render a judgment for the debt. In a case of lien created on land by contract, the right to enforce it is a part of the contract. It is as much a part of the cause of action as the sum to be paid, and the inferior court having no jurisdiction, it is necessarily conferred on the circuit court by the very terms of the act regulating the jurisdiction of circuit courts.

Although the judgment is void for want of jurisdiction, the appeal must be dismissed because there was no motion made in the court below to set the judgment aside, as required by the Code, section 763.

The appeal is dismissed.